**SIERRA CLUB and Center for Biological Diversity,**
Plaintiffs,

v.

**Gale A. NORTON, et al., Defendants,**

and

**Fort Morgan Paradise Joint Venture, et al., Defendants/Intervenors.**

No. CIV.A. 03–00377–CB–C.

United States District Court,
S.D. Alabama,
Southern Division.

Feb. 13, 2004.

Daniel A. Hannan, Franklin & Stein, P.C., Mobile, AL, Robert Wiygul, Waltzer & Associates, Biloxi, MS, for Plaintiffs.

Bridget Kennedy McNeil, U.S. Department of Justice, Washington, DC, for Defendants.

David A. Bagwell, Fairhope, AL, Sid J. Trant, Bradley, Arant, Rose & White, Birmingham, AL, Edwin S. Schwartz, Tucker, GA, Richard A. Horder, Kilpatrick Stockton, LLP, Atlanta, GA, for Intervenors.

### ORDER

BUTLER, District Judge.

This case comes before the court on the federal defendants' Motion (doc. 23) to Dismiss Count One of the plaintiffs' Complaint for lack of jurisdiction.

Plaintiffs are challenging the federal defendants' open-ended delay in amending the critical habitat of three closely-related subspecies which have been designated as endangered:the Alabama Beach Mouse, the Choctawatchee Beach Mouse and the Perdido Key Beach Mouse (hereinafter collectively "beach mouse" or "mouse").

Count I is brought pursuant to the citizen suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(1). Count II makes a parallel argument, but is brought pursuant to the a provision of the Administrative Procedures Act which provides for challenges to agency action unreasonably delayed. 5 U.S.C. § 706(1).

The governmental defendants make a facial challenge to the jurisdiction of this court to entertain the claim under the citizen suit provisions of the ESA. The relevant jurisdictional provisions state as follows:

(g) Citizen suits

(1) Except as provided in paragraph (2) of this subsection any person may commence a civil suit on his own behalf—

(A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; or . . .

(C) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

It is not clear from the complaint whether or not plaintiffs assert jurisdiction under subsection (A). However, plaintiffs' response does not argue in favor of jurisdiction under that subsection, focusing instead solely on the existence of discretion. Regardless, not to put too fine a point on the question but, in the situation presented, if the agency is exercising permissible discretion granted by the ESA so as to preclude jurisdiction under subsection (C), the court is at a loss to see how it can allegedly be in violation of the Act for the exercise of that discretion so as to trigger subsection (A). The court finds that plaintiff does not assert jurisdiction under subsection (A), and alternatively that they have offered an insufficient basis to support the exercise of jurisdiction under that provision in response to a properly supported motion.

*Background*

The Alabama Beach Mouse was listed by the FWS as endangered in 1985 and its critical habitat designated at that time. The FWS set the critical habitat as 152.5 meters (500 ft.) inland from the mean high tide line of the Gulf of Mexico along part of the coastline of Alabama and of the Florida panhandle. This designation includes virtually all primary dunes-those closest to the Gulf-as well as some secondary dunes and a small amount of scrub dunes. The FWS has recognized the need for inclusion of secondary and scrub dunes in the designation of critical habitat, in large part due to the inundation of the primary dunes during storm surge from hurricanes and other severe weather. Such conditions occur with some regularity along the Gulf coast.

Under a provision of the ESA which allows any "interested person" to petition for the revision of a critical habitat designation, plaintiffs submitted a petition seek-

ing expansion of the critical habitat to include more of the secondary and scrub dunes. See 16 U.S.C. § 1533(b)(3)(D). The ESA establishes deadlines for agency action on such a petition. Section 1533(b)(3)(D)(I) states that "to the maximum extend practicable, within 90 days after receiving the petition, the Secretary shall make a finding as to whether the petition presents substantial scientific information indicating that the revision may be warranted." In this instance, plaintiff filed a petition with the Fish and Wildlife Service ("FWS") of the Department of the Interior on February 8, 1999, requesting that the agency revise and expand the critical habitat previously designated for these species. Pursuant to 16 .U.S.C. § 1533(b)(3)(D)(ii), within twelve months of receiving a petition for revision of critical habitat [1], the FWS shall determine how it intends to proceed regarding the requested revision and promptly publish notice of such intention in the Federal Register. On May 12, 2000, after providing notice of intent to sue, the Sierra Club filed litigation in this court seeking to force agency compliance. *Sierra Club v. Norton*, CV 00–448–CB–C. The FWS published its intention in the Federal Record to amend the critical habitat, and gave notice to the plaintiff of such publication on September 15, 2000.

The beach mouse has been the subject of several prior actions in this court. See e.g. *Sierra Club v. Norton*, CV02–258–CB–C; *Sierra Club v. Norton*, No. 00–448–CB–C. In the most recent prior action, plaintiffs challenged the issuance of two incidental take permits to allow a large-scale condominium development on a sizeable portion of the remaining critical habitat of the beach mouse. The court found that the permits violated applicable law [2] and remanded the permits for preparation of an Environmental Impact Statement and further proceedings. Citing agency discretion and ripeness, the court declined to allow the plaintiffs to order the Fish and Wildlife Service ("FWS") to complete the amendment of the critical habitat prior to a final decision on the permits. Order (doc. 121) at 11–12.

This court will not prejudge the agency's reconsideration nor attempt to dictate the terms of such review, particularly where the agency has not yet had an opportunity to exercise its own expertise on this issue. In the course of its review, the agency may well determine that amendment of the critical habitat must be accomplished prior to a valid EIS, or that the two actions may best be addressed together. Only if it decides that the amendment of the critical habitat is unnecessary to a valid study of the impact this development will have on the species would plaintiffs' challenge be properly brought before this court; the decision belongs in the first instance to the agency.

### Analysis

There are no other deadlines contained in the ESA for action on a petition to

---

**1.** This duty only applies to petitions which the FWS finds to present substantial information indicating that the requested revision may be warranted. 16 U.S.C. § 1533(b)(3)(D)(ii). Pursuant to § 1533(b)(3)(D)(i), the FWS shall, to the maximum extent practicable, within 90 days of the receipt of such a petition formally determine whether the petition presents such information. Approximately 9 months after plaintiff filed the petition at issue, the FWS

determined that the petition presented substantial information that revising critical habitat for these three species might be warranted.

**2.** Suit was brought pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.*

amend critical habitat. Plaintiffs nonetheless argue that, because the FWS has not completed-and plaintiffs assert that they have not yet begun-the amendment of the ABM's critical habitat, it has exceeded its discretionary authority. Additionally, because the defendants conducted an Environmental Impact Statement and have decided to reissue the Incidental Take Permits without amending the critical habitat, the plaintiffs assert that the agency's delay exceeds its discretion. In effect, the plaintiffs assert that the limitation of jurisdiction under the citizen suit provision of the ESA to agency action which is not discretionary allows federal courts to exercise jurisdiction over claims of abuse of agency discretion.

In construing the substantially similar jurisdictional grant of the citizen suit provision of the Clean Air Act, the Court of Appeals for the District of Columbia Circuit rejected a similar argument.

> The thrust of petitioners' argument, however, is that even if the decision is within the Administrator's discretion an abuse of that discretion here the allegedly improper refusal to revise a standard of performance constitutes a failure to perform a nondiscretionary act, thereby creating jurisdiction under Section 304. While the distinction between an abuse of discretion and a failure to perform a nondiscretionary act "tends to be abstract and conceptual,", there is undoubtedly a distinction, and it is on that distinction that Congress intended to base Section 304 jurisdiction.

*Oljato Chapter of Navajo Tribe v. Train,* 515 F.2d 654, 663 (D.C.Cir.1975) (quoting *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 714 (D.C.Cir. 1974).). See *Sierra Club v. Thomas,* 828 F.2d 783 (D.C.Cir.1987)("Although there

may be isolated occasions when, upon extensive analysis, one can conclude that an inferable deadline imposes a mandatory duty of timeliness, we believe that they will be very rare."); *Biodiversity Legal Foundation v. Norton,* 285 F.Supp.2d 1 (D.D.C.2003); but see William H. Rodgers, Jr. 2 Environmental Law § 4.5(C) (suppl.2003) (discussing similar jurisdictional language of Clean Water Act: "nondiscretionary activity for purposes of citizen suits will come to include instances where the Administrator transgresses the bounds of his discretion and not only the extraordinary cases where he has no discretion at all.")

Nor are the facts alleged sufficient to convert the agency's delay into a decision not to act at all, so as to bring this claim within the rule of *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.,* 105 F.3d 599 (11th Cir.1997) as plaintiffs argue.

### Conclusion

For the reasons set forth herein, the court finds that it lacks jurisdiction under the citizen suit provision of the Endangered Species Act and thus lacks jurisdiction over the claim stated in Count I of the Complaint. Accordingly, it is hereby **ORDERED** that defendant's Motion to Dismiss Count One is **GRANTED** and that Count I of the Complaint is **DISMISSED with prejudice.**